# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JIN YONG YOON, | CIVIL CASE NO. CV0140-18 |
| Plaintiff/Counterclaim-Defendant, | |
| vs. | |
| CHUNG KUN LEE, | |
| Defendant/Counterclaimant. | |

CONSOLIDATED WITH CIVIL
CASE NO. CV0180-19

HYE SUN and JUNG EUN KANG,

Plaintiffs,

vs.

JIN YONG YOON,

**DECISION AND ORDER RE.
PLAINTIFF JIN YONG YOON'S
MOTION FOR SANCTIONS**

Defendant,

JIN YONG YOON,

Third Party Plaintiff,

vs.

CHUNG KUN LEE,

Third Party Defendant.

## Introduction

The matter of Plaintiff Jin Yong Yoon's ("Plaintiff") Motion for Sanctions came for oral argument before the Honorable Maria T. Cenzon on January 10, 2020. Plaintiff was present,

together with his counsel of record attorney Terry E. Timblin, Esq., of the Law Office of Terry E. Timblin, P.C. Defendant Chung Kun Lee ("Defendant") was not present at the hearing, but was represented by counsel Gloria L. Rudolph, Esq., of Lujan & Wolff LLP. Defendant filed an Opposition to the Motion on January 9, 2020; however, this was submitted beyond the filing deadline set in the Local Rules of the Superior Court of Guam CVR 7.1(d)(1). See Opp'n to Mot. for Sanctions (Jan. 9, 2020). Following oral argument, the Court ruled from the bench, GRANTING the Motion, in part, and DENYING the Motion, in part. The Court now issues the instant DECISION and ORDER memorializing its oral ruling.

## Background

In this matter, both parties assert mutual claims for Assault and Battery. Plaintiff alleges that on September 7, 2017, Defendant physically struck him in a parking lot in Harmon. Compl. for Assault and Battery (Feb. 7, 2018). Meanwhile, Defendant claims that he was acting in self-defense and that Plaintiff struck him first, causing him bodily injury. Answer and Countercl. (Mar. 26, 2018).

On April 25, 2019, the Court ordered the parties to Settlement Court at their request[1] and the matter was assigned to the Honorable Linda L. Ingles, who, following a pre-settlement conference scheduled the a Settlement Conference for August 1, 2019. The Settlement Conference was subsequently rescheduled for September 26. At the June 18, 2019 pre-settlement conference, Referee Ingles ordered that both parties submit a Settlement Conference Statement. Plaintiff submitted his final Settlement Conference Statement on August 6, 2019, but Defendant never submitted the ordered Settlement Conference Statement.

---

[1] Order Re Settlement Court (Apr. 25, 2019),

The Court finds that the following series of events is undisputed: at the September 26, 2019 Settlement Conference, Plaintiff and counsel were present. Although Ms. Rudolph was present, the Defendant was *not* present at the September 26 Settlement Conference. Consequently, on October 2, 2019, Referee Ingles issued a Notice of Termination of Settlement Conference, finding that "Defendant's attorney was present, but the Defendant was not and Defendant's attorney *did not have settlement authority*." Ntc. of Termination of Settlment Conf. (Oct. 1, 2019)(emphasis added). Referee Ingles then terminated the settlement conference for "failure of the Defendant to comply with CVR 16.6." *Id.*

On October 10, 2019, Plaintiff filed the present Motion for Sanctions with the Court, *Id.* at 1-4, seeking sanctions against the Defendant due to his failure to comply with Referee Ingles's Orders and attend the Settlement Conference. *Id.* at 3-4. First, Plaintiff asked the Court to enter a default judgment against Defendant regarding the issue of liability in this matter. *Id.* at 3. Second, Plaintiff asked the Court to order that Defendant pay reasonable attorney's fees in the amount of One Thousand Three Hundred Fifty Dollars ($1,350.00) for work done in preparation of the Settlement Conference. *Id.* at 4.[2]

At the Motion Hearing, Plaintiff restated the relief requested in the Motion. Minute Entry (Jan. 10, 2020). Defendant, through counsel, stated a non-objection to paying the attorney's fees requested, but did object to the request for a default judgment, arguing that it was too harsh of a sanction. *Id.* Ruling from the bench, the Court granted the request for attorney's fees, but denied entry of default judgment as too harsh a sanction under the circumstances presented and for the reasons set forth herein.

---

[2] In Plaintiff's Motion, Plaintiff originally asked for One Thousand Three Hundred Seventy Dollars ($1,370.00), which included a Twenty Dollar ($20.00) fee for filing the present Motion. However, at the Motion Hearing, Plaintiff informed the Court that he did not incur this fee and amended his requested amount.

## Discussion

The Guam Rules of Civil Procedure state that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." GRCP 55(a). The Guam Supreme Court has articulated a "strong policy statement generally disfavoring default judgments and in favor of having cases heard on the merits." *Midsea Industrial, Inc. v. HK Engineering*, 1998 Guam 14 ¶ 18. The question in this matter is whether Defendant's willful failure to appear at the Settlement Conference as ordered by Referee Ingles constitutes grounds for the Court to enter a default judgment on the issue of liability.

Guam has not addressed the question of whether entry of default is appropriate after a party fails to attend a required settlement conference. However, other jurisdictions have ruled on the issue. In *Kalantary v. Mention*, 756 A.2d 671 (Pa. Super. Ct. 2000), the trial court issued a default judgment against the Appellant for failure to appeal at a settlement conference. On appeal, the Superior Court of Pennsylvania held that a default judgment was an inappropriate sanction when a party fails to appear at a settlement conference. *Id.* at 674. The Court explained that a settlement conference was akin to a pretrial conference. *Id.* The Court noted that pursuant to the Pennsylvania Rules of Civil Procedure, if a party failed to appear at trial, the appearing party could proceed *ex parte*. *Id.* However, the Court further noted that a settlement conference is not akin to a trial, as "no record is produced of the proceedings at the conference; an appellate court would be prevented from conducting an effective review of such a proceeding on appeal." *Id.* Thus, despite one party not appearing at a settlement conference, a trial court is not empowered to conduct an *ex parte* settlement conference when a defendant fails to appear, only to proceed to trial. *Id.*

Further, the Court in *Kalantary* explained that "[a] trial court may not deny a party's right to a jury trial because his or her attorney failed to attend a pretrial conference; there are many alternative sanctions which would not pre-empt the innocent litigant's constitutional right to a jury trial, including the imposition of fines against the attorney..." *Id.* at 674-75. The Court therein continued, "[t]here is simply is no authority in the Rules of Civil Procedure or elsewhere for the proposition that a trial court may summarily enter judgment against a defendant who fails to appear for a settlement conference." *Id.* at 675.

Additionally, the Court in *Rearden Family Trust v. Wisenbaker*, 65 P.3d 1029 (Haw. 2003) came to a similar conclusion. In that case, the trial court entered default against Defendant Appellant for failure to appear at a final settlement conference. *Id.* at 1045. The trial court later denied Defendant's Motion to set aside the default judgment pursuant to the Federal Rules of Civil Procedure, Rule 60. *Id.* On final appeal, the Supreme Court of Hawaii held that "the court had the discretion, subject to review, to levy lesser sanctions for Defendant's original failure to attend settlement conferences in person." *Id.* at 1047.

However, the Hawaii Supreme Court also determined that the trial court's denial of the Rule 60 Motion to set aside default was an abuse of discretion. *Id.* "Under the foregoing circumstances, the denial of Defendant's motion to set aside the default judgment 'exceed[ed] the bounds of reason.'" *Id.* (citing *Shanghai Inv. Co., Inc. v. Alteka Co., Ltd.*, 993 P.2d 516, 525 (Haw. 2000)). The Court held that lesser sanctions for Defendant's nonappearance at a settlement conference, such as ordering reasonable attorney's fees, would "better serve the interests of justice." *Id.*

This Court finds those cases instructive. In the case at bar, Plaintiff asks the Court to issue a default judgment on the issue of liability due to Defendant's willful nonappearance at the

Settlement Conference. However, while Guam has not addressed the question, the Court is persuaded by the rulings in the cases cited herein. It is incontrovertible that Defendant's failure to appear at the Settlement Conference despite an order from both this Court and Referee Ingles is inexcusable and grounds to impose a sanction for such blatant disregard of a court order. . However, this Court finds that entering default against the Defendant on the issue of liability without allowing a trial on the merits is far too harsh a sanction given the Court's "strong policy statement generally disfavoring default judgments and in favor of having cases heard on the merits." *Midsea*, 1998 Guam 14 ¶ 18. For these reasons, the Court hereby DENIES the Motion for Sanctions with regard to the Plaintiff's request for an entry of default judgment against the Defendant.

## Conclusion

Based on the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Sanctions with regard to Plaintiff's reasonable attorney's fees in the amount of One Thousand Three Hundred Fifty Dollars ($1,350.00). However, the Court DENIES the Motion with regard to the entry of default on the issue of liability in this matter. Further, pursuant to a separate order of this Court GRANTING the Motion to Consolidate in CV0180-19, all subsequent pleadings and other documents shall be filed under the Civil Case No. **CV0140-18** and captioned as set forth above.

SO ORDERED this _____FEB 07 2020_____, *nunc pro tunc* January 10, 2020.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX.
I acknowledge that a copy of the original hereto was placed in the court box of:
Date: 2/7/20
Deputy Clerk, Superior Court of Guam

*Yoon v. Lee*; CV0140-18
D&O re: Plaintiff Jin Yong Yoon's Motion for Sanctions
Page 6 of 5